UNITED STATES DISTICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PETER, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 1:22-CV-49-HAB |
| | ) | |
| WOJCICKI, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER DISMISSING COMPLAINT**

Plaintiffs have filed a Complaint along with a Motion to Proceed *In Forma Pauperis* (ECF Nos. 1, 2). Because the Complaint is frivolous it will be DISMISSED with prejudice. The Motion to Proceed *In Forma Pauperis* will be DENIED.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, however, only one of the Plaintiffs, Maria

Peter, has filed a request to proceed in forma pauperis. Because the filing fee is a joint responsibility of all the plaintiffs, it cannot be waived piecemeal. With only one affidavit filed, the Court cannot make a finding of indigency as to all Plaintiffs. But, even if the Court could make the required findings as to all Plaintiffs, the Complaint would still be dismissed as it is frivolous and fails to state a claim for relief.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This is one of more than twenty cases randomly filed by Plaintiffs in federal district courts throughout the country against the CEO's of YouTube, Pfizer, and Moderna, and William Gates. The Complaint is largely incomprehensible. It purports to assert claims of negligence against the Defendants but fails to articulate any facts as to what each of the Defendants did. The most the

Complaint alleges is that the Defendants "failed to keep the risk of synthetic bioweapon attacks at the 10% low, but rose it to a 70% high." (ECF No. 1 at 4). The Complaint claims the Defendants caused NATO/Brussels to announce "nuclear retaliatory strikes against [a]gressive [sic] states /terrorists attacking with killer viruses." *Id.* Because of this, Plaintiffs claim they suffer from a new anxiety disease AKVA (Again Killer Virus Attack). They seek damages of $25,000 each and punitive damages of 16 trillion dollars.

As dire as all this sounds, the Court can make no sense of it. It states no claim under any viable legal theory and is frivolous. Aside from being meaningless, the Complaint alleges Plaintiffs are residents of the countries of Austria and Germany, and no defendant is alleged to reside in the Northern District of Indiana. It is therefore unclear what connection there is to Indiana to establish this District is the proper forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (the constitutional touchstone in determining whether a court may exercise personal jurisdiction over a defendant remains whether the defendant purposefully established "minimum contacts" in the forum). Given all this, the Complaint is DISMISSED with prejudice.[1] The Motion to Proceed *In Forma Pauperis* is DENIED.

SO ORDERED on February 15, 2022.

                                               s/ *Holly A. Brady*
                                               JUDGE HOLLY A. BRADY
                                               UNITED STATES DISTRICT COURT

---

[1] Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.